**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OLGA CHIRINOS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23 C 16163 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| TECHNOX MACHINE & MFG, INC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**A.
INTRODUCTION**

Technox's initial discovery requests consisted of interrogatories, requests for production, and requests to admit. According to Technox, Plaintiff's counsel advised defense counsel that he found the Defendant's responses to Plaintiff's initial round of discovery requests deficient. Defendant's counsel requested that the attorneys meet and confer to resolve the claimed deficiencies. Instead of having the conference required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.2 to resolve the claimed deficiencies, Ms. Chirinos's new counsel propounded a second round of discovery, much of which Defendant claims was duplicative of that in the first round. Instead of requesting a meeting to resolve these issues, Technox filed the instant Motion to Strike. [Dkt. #44]. While I could have stricken the Motion on the authority of Rule 37(a)(1) and Local Rule 37.2, I did not and instead heard oral argument on the Motion.

B.

ANALYSIS

The three-count Complaint in this case was filed by Plaintiff's former counsel, David Levin, of the Law Offices of Todd M. Friedman, P.C. on November 21, 2023. Count I alleges that Technox Machine & Mfg., Inc improperly failed to provide COBRA healthcare coverage to the Plaintiff after the termination of her employment with Technox on September 23, 2022. Count II is based on Technox's alleged disability discrimination for its claimed failure to have accommodated the Plaintiff's cancer diagnosis. Count III charges that Technox retaliated against the Plaintiff with respect to that diagnosis. [Dkt. ##1; 50 at 1].

Plaintiff, through Mr. Levin, propounded written discovery to Technox, to which Technox responded. [Dkt. #44 at 1-2]. On October 21, 2024, Technox took the deposition of Sandra Guzman. Ms. Guzman was Technox's Office Manager and a close friend and co-worker of Plaintiff. Ms. Guzman also handled the COBRA paperwork for departing employees like Ms. Chirinos. During Ms. Guzman's deposition, she testified that she and the Plaintiff conspired to improperly keep the Plaintiff on Technox's payroll after Plaintiff's employment was terminated in order to allow her to receive – improperly – healthcare coverage without having to pay COBRA premiums – which the Plaintiff contended she could not afford. Ms. Guzman said that she and the Plaintiff set up a scheme to enable the Plaintiff to evade having to pay for healthcare coverage and to conceal from the owners of Technox that she was still receiving healthcare coverage as a current employee and not as a former employee under COBRA.

According to Ms. Guzman, this claimed fraud continued for over six months after Plaintiff's termination to enable her to receive coverage which she claimed she could not otherwise afford. As a consequence of this claimed fraud, Technox unknowingly continued to pay for Plaintiff's

healthcare coverage for over six months without any contributions from the Plaintiff, even though it is alleged it had no legal obligation to do so. Ms. Guzman's actions were, according to Technox, fraudulent. [Dkt. #44].

Ms. Guzman testified she did all this because she felt sorry for the Plaintiff, who was not only a co-worker but also a close friend. She said that she was told by the Plaintiff she had cancer and needed surgery. She claimed that this was done in an effort to help her friend. She said she and Plaintiff illicitly agreed that she would not be terminated from the health insurance benefits program even though she was no longer with the company and that Plaintiff would continuing receiving healthcare coverage as a "ghost" employee, with Technox unknowingly paying the monthly premium.[Dkt. #44].

On October 22, 2024, the day after Ms. Guzman's deposition, Mr. Levin filed a Motion For Leave To Withdraw As Counsel For Plaintiff. [Dkt. #31]. I granted the Motion [Dkt. #35] and I appointed Jeffrey Catalano to assist the Plaintiff in discovery. The Order of January 30, 2025 reopened and extended discovery at the request of Plaintiff's newly appointed counsel. [Dkt. #43]. In a January 29, 2025 email, Mr. Catalano said his Firm had two third year law clerks and successfully sought permission for them to participate in the discovery efforts on behalf of the Plaintiff. On January 28, 2025, Mr. Catalano, sent an e-mail to Mr. Tootooian, counsel for the Defendant, regarding alleged deficiencies in the Defendant's written discovery responses and requested what has come to be know colloquially as a "meet and confer." Unfortunately the requested conference never occurred, even though it is a prerequisite to the filing of any discovery motion. *See* Federal Rules of Civil Procedure 37(a)(1) and Local Civil Rule 37.2. Instead, an e-mail was sent to Mr. Tootooian from Mr. Catalano on February 4, 2025 with a second request for written

3

discovery.

On February 6, 2025, Mr. Tootooian sent an e-mail to Mr. Catalano forwarding materials obtained from Blue Cross/Blue Shield pursuant to a subpoena. The materials reflected that the Plaintiff had received healthcare benefits from BC/BS, Technox's healthcare insurer in excess of $250,000, much of which was incurred *after* the Plaintiffs termination of employment on September 23, 2022. It was during this period that the Plaintiff was, according to the Defendant, fraudulently obtaining healthcare coverage as a "ghost" employee of Technox with the aid of her friend, Ms. Guzman. Technox contended that this coverage was better than coverage Plaintiff would have had as an actual employee, since the Plaintiff did not contribute to her employee healthcare coverage even though her employment had been terminated, nor did she pay any premiums for COBRA coverage as a "terminated" employee.

The Plaintiff's current attempt to obtain additional *written* discovery is vigorously objected to by Technox, which terms it "abusive and duplicative" [Dkt. #44 at 4] – a charge vigorously denied by Plaintiff. [Dkt. #50 at 2].[1] As Technox has rightly noted, discovery is not a "game." [Dkt. #44 at 4]. *See also Toyo Tire & Rubber Co. v. Atturo Tire Corp.*, 2018 WL 3533315, at *8 (N.D. Ill. 2018). While undoubtedly true, "general propositions do not decide concrete cases." *Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting). *See also Daubert v. Merrell Dow*, 509 U.S. 579, 598 (1993)(Rehnquist, C.J., concurring in part and dissenting in part)("'general observations'" suffer

---

[1] According to Ms. Chirinos, the Defendant's Motion to Strike is "full of unprofessional, ad hominin [sic] attacks at Plaintiff's counsel, including backdoor threats of Rule 11 sanctions against an appointed lawyer who insists he is merely attempting to fulfill his duties under the Northern District of Illinois Trial Bar." [Dkt.#50 at 2, 13-15]. Mr. Catalano has denied in the strongest of terms that there has been any Rule 11 violation and why he objects to what, he insists, is an obvious and improper tactic. We take no position on this issue leaving its resolution for another day on a more fully developed and definitive record. For now it is enough simply to deny the Defendant's Motion to Strike. [Dkt. #44].

from the common flaw that they are not applied to the specific matter and "therefore they tend to be not only general, but vague and abstract.").

Thus, the defense's current objection to the sought-after discovery that "[t]his litigation should not be used as a training tool for law students at Technox's expense," [Dkt. #44 at 4] does not resolve the present case. The question is not whether it is permissible for law students to have aided in the preparation of the disputed discovery requests, but whether those requests are valid under the Federal Rules of Civil Procedure. If they are, they must be honored regardless of who prepared them. If they are not, they should not be regardless of authorship.

Not only have law students been involved for decades in the preparation of routine discovery requests, it should not be forgotten that one of the most famous Law Review Articles ever written, *Void For Vagueness Doctrine in the Supreme Court,* 109 U. of Pa.L.Rev. 67 (1960), was authored by a "law student" when he was just a *freshman* at the University of Pennsylvania Law School. So extraordinary was his student Note that it was thereafter cited not as an unsigned student Note, as was and still is customary, but rather with the author's full name, Anthony G. Amsterdam. That astonishing mode of acknowledgment first came from the Supreme Court of the United States in *N.A.A.C.P. v. Button*, 371 U.S. 415, 433, n. 14 (1963) and was followed by all subsequent courts. That "law student," to borrow Defendant's phrasing in its Motion to Strike, went on to become one of the most famous and accomplished lawyers in the history of the Country. In short, it is not a sufficient objection for Technox to lament that law students may have been involved in the drafting of discovery.[2]

---

[2] In any event, Mr. Catalano has represented that he and not a 3L law clerk "crafted" the Plaintiff's requests for admission. [Dkt. #50 at 10].

5

Perhaps it is true, as Technox laments, that the litigation has cost "Technox thousands of dollars in legal fees and just when it appeared this litigation would go away after the Plaintiff's original counsel withdrew, based on the devastating deposition testimony of Sandra Guzman...." [Dkt. #44 at 4]. And perhaps her testimony was true. But merely because she testified as she did does not mean that in the end the testimony will acceptable to a trier of fact. In other words, merely because Ms. Guzman testified as she did does not automatically mean that her testimony is true. Lawsuits are daily filled with versions of events insisted on by one side that are of equal vigor denied by the other. It is for the trier of fact after hearing all of the evidence to determine whether the seemingly inculpatory and decisive version of events portrayed by the witness is true and should be accepted. Merely saying so doesn't make it so. And the fact that a witness swears to tell the truth is hardly a guarantor of honesty or accuracy. *United States v. Lewis*, 405 F.3d 511, 512 (7th Cir. 2005). *See also Schmude v. Tricam Industries, Inc.*, 556 F.3d 624, 628 (7th Cir. 2009). *Stepp v. Colvin*, 795 F.3d 711, 720 (7th Cir. 2015); *Johnson v. Barnhart*, 449 F.3d 804, 805 (7th Cir.2006). The reality is that new counsel was appointed to complete discovery, and he is entitled to take discovery consistent with the Federal Rules of Civil Procedure to test whether testimony or other evidence in a case has the significance insisted on by the party advocating that evidence. The only question now is whether the Motion to Strike properly states a basis for the relief it seeks. Thus, the testimony of Ms. Guzman may be outcome determinative but it may not be depending upon what other discovery shows. The Plaintiff is entitled to pursue that discovery so long as it is authorized by the Federal Rules of Civil Procedure.

## II.

The Defendant's Motion to Strike Plaintiff's Second Round of Written Discovery Requests [Dkt. #44] as supplemented by the Defendant [Dkt. #47] is denied. Ms. Chirinos may pursue whatever further discovery is relevant to any party's claim or defense and is proportional to the needs of the case. Rule 26(b)(1), Federal Rules of Civil Procedure. That discovery may take the form of written requests or further depositions of anyone Ms. Chirinos reasonably concludes may have information relevant to the case generally or to that portion of Ms. Guzman's testimony that is at issue or to Ms. Guzman's veracity, generally or is relevant to the contention that she knowingly and improperly assisted Ms. Chirinos in fraudulently maintaining or continuing insurance coverage after the termination of her employment – as well as, of course, to any other aspect of the case. Of course, it may not by "*unreasonably cumulative* or duplicative." Rule 26(b)(2)(C)(i)(emphasis supplied). As argued at length in Ms. Chirinos's Opposition to the Motion to Strike, the second set of interrogatories and document requests are not unreasonably duplicative and should not be stricken. *See* [Dkt. 350 at 8].

A District Court enjoys a broad range of discretion in overseeing discovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 595 (2007); *Beathard v. Lyons*, No. 22-2583, 2025 WL 632975, at *7 (7th Cir. Feb. 27, 2025); *King v. Ford Motor Co.*, 872 F.2d 823, 838 (7th Cir. 2017); *Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 365 (7th Cir. 2017). And discretionary decisions are not easily reversed on appeal. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)*; Oppenheimer Fund, Inc. v. Saunders*, 437 U.S. 340, 352 (1978). Indeed, in exercising discretion, two decision makers can arrive at opposite conclusions both of which can constitute appropriate exercise of discretion and both of which can be affirmed on appeal. *Mejia v. Cook County, Illinois*, 650 F.3d 631, 635 (7th Cir. 2011);

*Last Atlantis Capital, LLC v. AGS Specialists, LLC*, 2014 WL 5293443, *2 (N.D.Ill. 2014).

For the foregoing reasons, the Defendant's Motion to Strike Plaintiff's Second Round of Written Discovery Requests [Dkt. #44] as supplemented by the Defendant [Dkt. #47] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/10/25